IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELGENE EMILIA U.L. DE-AMOR, <br><br> Plaintiff, <br><br> vs. <br><br> TALUSA SIMON, EDITHA ARNOLD, LEONING TALUSA, ELANE ELAM FOUTES, <br><br> Defendants. | CIVIL NO. 21-00433 JAO-WRP <br><br> ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE |

ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE

Before the Court is pro se Plaintiff Elgene Emilia U.L. De-Amor's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or "Application") filed on November 1, 2021. For the following reasons, the Court DISMISSES the Complaint with leave to amend and DENIES WITHOUT PREJUDICE the IFP Application. ECF No. 2.

DISCUSSION

I. Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny

leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

     FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate.  Plaintiff's limited allegations are incomprehensible and it is difficult, if not impossible, to ascertain the legal or factual bases for this litigation.  Plaintiff identifies "slips falls" and "search & steal my property gold bracelet customized made & name planted.  I want <u>to get</u> my valuable <u>property</u> <u>belongings</u>, <u>i.e.</u>" Comp. at 4–5.  Plaintiff also directs the Court to some essay that is not part of the record. *Id.*

Construing the Complaint with extreme liberality, Plaintiff *potentially* references the Fourth, Fifth, Sixth, Tenth and Fourteenth Amendments to the U.S.

Constitution.[1]  However, it is unclear how her constitutional rights were violated and how each Defendant caused her harm.  The insufficiency of Plaintiff's allegations precludes the Court from determining, as a threshold matter, whether subject matter jurisdiction exists.[2]

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (alteration in original) (citation omitted).  The presence of federal question jurisdiction is determined by the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559

---

[1]  Section 1983 is the vehicle by which to present claims for constitutional violations.  *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004).

[2]  There are no allegations suggesting that diversity of citizenship is at issue, as Plaintiff provides no information regarding Defendants' citizenships, nor the amount in controversy.

U.S. 77, 94 (2010).  Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff's cursory reference to constitutional amendments do not satisfy her burden of establishing federal question jurisdiction, and it is unclear how she was harmed.  Accordingly, the Court DISMISSES the Complaint.  *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1094 (9th Cir. 2008) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." (citations omitted)).  Because it is possible that amendment could cure these defects, the Court grants leave to amend.

Any amended complaint — which should be titled "First Amended Complaint" — must be filed by **December 3, 2021**, and must cure the deficiencies identified above.  Moreover, Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference,

entitled to proceed in forma pauperis.  Consequently, the Court DENIES the IFP Application without prejudice.  If Plaintiff elects to file an amended pleading, she must file an IFP Application that fully and accurately responds to all questions *or* she must pay the applicable filing fee.  If she fails to do so, this action will be automatically dismissed.

## CONCLUSION

In accordance with the foregoing, Court:  (1) DISMISSES the Complaint with leave to amend and (2) DENIES without prejudice the IFP Application.  ECF No. 2.  If Plaintiff elects to file an amended complaint, she must comply with the following requirements:

(1) The deadline to file an amended complaint is **December 3, 2021**;

(2) The amended complaint should be titled "First Amended Complaint"; and

(3) Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order *and* concurrently file an IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.

//

//

//

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, November 3, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-00433 JAO-WRP; *De-Amor v. Simon, et al.*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE

8